UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| JOHNNY D. MORGAN, ) | |
| ) | |
| Petitioner, ) | Civil No. 5: 14-323-JMH |
| ) | |
| v. ) | |
| ) | |
| DON BOTTOM, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Johnny D. Morgan is an inmate confined at the Northpoint Training Center in Burgin, Kentucky. Proceeding without an attorney, Morgan has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]

**I**

On or about April 26, 2011, officers of the Laurel County Police Department arrested Morgan and his spouse Brittany Morris in London, Kentucky, for manufacturing methamphetamine in a garage. On October 28, 2011, Morgan was convicted in the Circuit Court of Laurel County, Kentucky, of Manufacturing Methamphetamine - First Offense, and Bail Jumping in the First Degree, and was sentenced to a cumulative twenty-year term of incarceration in *Commonwealth v. Morgan*, No. 11-CR-0098-003 (Cir. Ct. Laurel Co. 2011). The full term expiration date of Morgan's state sentence is April 11, 2031, see

1

http://apps.corrections.ky.gov/KOOL/Details/113695, which indicates that the Kentucky Department of Corrections has given Morgan pre-sentence custody credit from April 11, 2011, (twenty years before his full term expiration date) through the date of his conviction and sentencing. Morgan first becomes eligible for parole from his state sentence on April 12, 2015. *Id.*

On December 14, 2011, a federal grand jury in Lexington, Kentucky handed down an indictment charging Morgan with conspiracy to manufacture and manufacture of a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 846. On January 10, 2012, Morgan was taken into federal custody pursuant to a writ of habeas corpus *ad prosequendum* for his arraignment on the federal charges, and remained in federal custody until his November 8, 2012, sentencing pursuant to a written plea agreement. On November 15, 2012, the Court entered a judgment sentencing Morgan to a 51-month term of incarceration to be served concurrently with his pre-existing state sentence. *United States v. Morgan*, No. 6:11-CR-82-GFVT-HAI (E. D. Ky. 2011).

Following imposition of his federal sentence, Morgan sent three letters to federal officials - including one to Ike Eichenlaub, the Bureau of Prisons ("BOP")'s Director of the Mid-Atlantic Region, regarding the computation of his federal sentence. Each of the letters, dated November 12, 2013; May 1,

2

2014; and June 17, 2014, evidenced Morgan's belief that he was entitled to credit against his federal sentence under the Bureau of Prisons' Residential Drug Abuse Program ("RDAP") because he had completed a similar program operated by the Kentucky Department of Corrections, the Substance Abuse Program ("SAP"). [R. 47, 48, 49 therein]

In his petition, Morgan states that the purpose of his petition is to:

> Reflect the Jail-Time Credit from my date of arrest, to my date of sentence, or in the alternitive, to reflect my Jail Time Credit from the date of my State Sentence until my Federal Sentence. Specificly, from April 26, 2011, when I was arrested until my Federal Sentence started on November 8, 2012. Or in the alternative, from my state sentencing date of October 28, 2011 (when the Federal Datainer was applied), until November 8, 2012 when my Federal sentence began.

[R. 1, p. 8]

**II**

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Morgan's petition under a more lenient standard because he is not represented by

3

an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the petitioner's factual allegations as true, and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

The Court must deny Morgan's petition for both procedural and substantive reasons. First, Morgan is still in the custody of the Commonwealth of Kentucky serving his state sentence, and the BOP need not and does not make calculations regarding the conclusion of a federal sentence until a prisoner comes into federal custody to commence serving it. In addition, because Morgan is not in the legal custody of any federal official with authority to affect his federal sentence, the Court lacks habeas jurisdiction to entertain a challenge regarding its implementation. As this Court has previously explained in a similar context:

> [P]ermitting such a challenge prior to the [state] prisoner's receipt into federal custody presents significant jurisdictional and venue problems. The Court's Section 2241 habeas jurisdiction is limited to challenges to the BOP's implementation or calculation of a federal prisoner's sentence. However, the BOP cannot be said to be implementing or executing a prisoner's sentence until that prisoner is received into federal custody to "commence" his or her federal sentence within the meaning of 18 U.S.C. § 3585(a). Until that time, the BOP has yet to make any firm or binding determinations regarding the circumstances of the prisoner's confinement.

4

Even if this were not so, habeas jurisdiction to challenge the BOP's actions would not exist until the prisoner was transferred into federal custody, as "[a]bsent custody by the authority against whom relief is sought, jurisdiction usually will not lie to grant the requested writ." *Campillo v. Sullivan*, 853 F.2d 593, 595 (8th Cir. 1988) (no habeas jurisdiction exists to challenge INS detainer filed with federal prison, which merely notified federal prison officials that INS would make a decision regarding petitioner's status at some future date). Because Simms was not in federal custody when he filed his petition in this case, the Court lacks habeas jurisdiction to entertain it. *Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004) (federal habeas statute requires that petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed.") (quoting *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)).FN1

> FN1. While the *Maleng* Court noted that habeas jurisdiction exists to challenge "future confinement" under *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 488-89 (1973) and *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), in *Prieto v. Gluch*, 913 F.2d 1159, 1162-64 (6th Cir. 1990), the Sixth Circuit explained that the "future confinement" being challenged in those cases involved continued physical confinement, and did not apply outside that context. Here, Simms does not challenge the validity of his federal conviction, but merely the BOP's future execution of the resulting federal sentence. Because success in Simms's petition would not result in him being relieved from his future confinement, but merely a recalculation of its duration, the Court concludes that it is not a challenge to "future confinement" of the kind contemplated by *Peyton*.

This conclusion is also consistent with the rule of *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), which requires that a habeas corpus petition be directed to the warden of the federal facility where the petitioner is incarcerated. 28 U.S.C. § 2242. When Simms filed his petition, he was incarcerated in a Kentucky state prison. Therefore there was no federal respondent in Kentucky who possessed legal custody

> over Simms to whom the petition could be directed. Nor would directing the petition to the state warden serve any purpose, as that individual manifestly lacked the authority to change the manner in which the BOP was implementing Simms's as-yet-uncommenced federal sentence.

*Simms v. United States*, No. 08-43-HRW, 2009 WL 3061994, at *7 (E.D. Ky. 2009); *see also Evans v. Larkin*, No. 11-CV-4706(JFB), 2014 WL 1814122 (E.D.N.Y. May 7, 2014) ("Numerous courts have declined to review Section 2241 petitions in similar situations, *i.e.*, where a petitioner raises issues of credit with respect to future federal custody prior to any credit determination by the BOP") (collecting cases).

There is no indication that the BOP has made any calculation regarding Morgan's federal sentence, and given the strong possibility that he will still be in state custody when the full term of his 51-month federal sentence expires on February 15, 2017, it is unlikely that it will be necessary for it to do so. Absent such a federal determination, Morgan's petition therefore also lacks any final agency action to challenge, rendering his claims both unripe and unexhausted.

Apart from these significant procedural hurdles, Morgan's claims are substantively without merit. Morgan seeks credit against his federal sentence for time spent in state custody[1]

---

[1] Kentucky retained legal custody of Morgan notwithstanding the fact that federal authorities borrowed him pursuant to a writ of habeas corpus *ad prosequendum* for his arraignment and sentencing

6

before his federal sentence was imposed on November 15, 2012, starting either on April 26, 2011 (when he was arrested by state police), or on October 28, 2011 (when his state sentence was imposed). Calculation of a federal prisoner's sentence, including both its commencement date and any credits for custody before the sentence is imposed, is determined by federal statute:

> (a) A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585. The BOP implements § 3585 through Program Statement 5880.28.

---

on federal charges. The nature of the writ is such that "the sending state retains full jurisdiction over the prisoner since the prisoner is only 'on loan' to the prosecuting jurisdiction." *United States v. Kelly*, 661 F. 3d 682, 686 (1st Cir. 2011).

Under Section 3585(a), because Morgan's sentence was ordered to run concurrently with his pre-existing state sentence, it commenced when it was imposed on November 15, 2012, with the Bureau of Prisons designating the state prison as the facility for service of his federal sentence pursuant to 18 U.S.C. § 3621(b). Because Morgan seeks credit for the approximately eighteen months he spent in custody preceding this date, its availability is governed by Section 3585(b). However, because it is evident that the time period Morgan spent in state custody was credited against his state sentences, it may not be "double counted" against his federal sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (under § 3585(b) "a defendant [can] not receive a double credit for his detention time."); *Broadwater v. Sanders*, 59 F. App'x 112, 113-14 (6th Cir. 2003); *see also United States v. Lytle*, 2014 WL 1687857, at *6 (6th Cir. Apr. 29, 2014). Because Morgan may not "double dip," receiving credit for the same time period against both his state and federal sentences, his petition must be denied.

Accordingly, **IT IS ORDERED** that:

1. Morgan's petition for a writ of habeas corpus [R. 1] is **DENIED**.

2. The Court will enter a judgment contemporaneously with this order.

3. This matter is **STRICKEN** from the docket.

This the 13th day of August, 2014.

 Signed By:
*Joseph M. Hood*
Senior U.S. District Judge